IN RE APPEAL OF NEWMAN.
CABLE C. NEWMAN, APPELLEE, v. COUNTY OF DAWSON, NEBRASKA, APPELLANT.
94 N. W. 2d 47

Filed January 16, 1959. No. 34472.

*Edward A. Cook, III,* for appellant.

*William A. Stewart,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Dawson County reducing the assessed value of certain real property of the plaintiff for the year 1956 from $16,080 to $10,000.

The plaintiff is the owner of the west 25 feet of Lot 3 and all of Lot 4, Block 53, Original Town of Lexington, Nebraska. The property had a frontage of 75 feet on West Fifth Street and was 100 feet in depth. A building

used primarily as a mortuary, 50 feet by 100 feet, was constructed on the property in 1948. It was a two-story building, the second story consisting of three rental apartments. It was constructed of cement blocks and veneered with brick. The building cost $34,000. The plaintiff rented the first floor as a mortuary to a partnership, of which he was one of the partners, for $150 per month. The total rental value of the building was placed at $300 per month by the plaintiff. The interior of the building was finished to meet the needs for which it was used. The building was insured for $50,000 and the plaintiff had offered it for sale for $55,000. The county board of equalization fixed its assessed value for tax purposes in 1956 at $16,080. On appeal the district court reduced the assessed valuation to $10,000. The county of Dawson has appealed.

The plaintiff testified that he was familiar with property values in Lexington. He testified that the property was assessed at a higher proportion of its actual value than the values for tax purposes placed upon other comparable properties, which resulted in an inequitable and unfair tax burden being cast upon him. He listed some 15 properties which he asserted were assessed for tax purposes at a lower proportion of their value than was his property. He was corroborated by a real estate dealer who testified that in his opinion the plaintiff's property was assessed too high when compared with the assessments of other properties alleged to be of a similar character and value. There is some opinion evidence adduced by the plaintiff that the property should have been assessed as low as $10,000, or thereabouts. This evidence is fragmentary and is not generally supported by the evidence offered by the plaintiff. It is clear that the evidence of the taxpayer will not sustain a reduction of the assessed valuation from $16,080 to $10,000, a percentage reduction of 37.81 percent. There is evidence, however, that the property was assessed disproportionately with other properties in

the city which we must consider along with the evidence offered by the county.

The county relies mainly upon the evidence of Robert Guge, the deputy county assessor of Dawson County. Prior to becoming deputy assessor he had been employed by a private firm of appraisers. His principal duties during the period of this employment were the determination of the actual value of real estate and its assessed value for tax purposes. The formula used for the valuation of buildings used for business purposes, which was adopted by the county assessor, is substantially as follows: The local cost of building materials was determined by inquiry of those engaged in the sale of such materials. Local wage rates of common and skilled labor were likewise determined. From this a unit replacement cost was fixed. The building to be appraised was then measured to determine the amount of floor space and cubic content. It was then examined as to the type of construction and the mechanical features of the building. The age and physical condition of the building were determined. The rental value of the property was considered along with its suitability as to location. Depreciation was calculated on the basis of its age. The evidence was that plaintiff's building was appraised for tax purposes according to this formula, as were all other business buildings in the city of Lexington.

The value of real estate in the business area was determined in the following manner: A questionnaire was sent to real estate dealers for their opinions as to value and desirability. Records of sales in the register of deeds office were examined. From this information the sale value was determined in order to fix the front foot value. The most valuable area in the business portion of this city is on Washington Street between Fifth and Sixth Streets. Property in this area was valued at $300 per front foot. Plaintiff's property was about a half a block from this area and its value was fixed at approximately $80 per front foot for tax purposes in

accordance with the formula applied to other properties in the area.

The county assessor testified that the property was assessed according to the formula devised; that he had checked the work sheets and found them correct; and that in his opinion the assessed value as fixed by the board of equalization was fair and equitable. The deputy assessor and members of the county board of equalization inspected the building. Complaint is made that the findings of the private appraisers, who formerly employed the deputy assessor, were relied upon. No contention is advanced that the findings were not correct.

The plaintiff does not point out where the formula used by the county assessor is unreasonable or unfair. In fact no complaint is made that the property is overvalued. The only objection is that its assessed value is too high in proportion to the values placed on other business properties in the city of Lexington.

An appeal to the district court from the action of a county board of equalization is heard in equity, and upon appeal therefrom to this court it is tried de novo. The burden of proof is on the taxpayer to establish his contention that the value of his property has been arbitrarily or unlawfully fixed by the county board of equalization at an amount greater than its actual value, or that its value has not been fairly and properly equalized when considered in connection with the assessment of other property and that such disparity and lack of uniformity result in a discriminatory, unjust, and unfair assessment. The burden imposed on a complaining taxpayer is not met by showing a mere difference of opinion unless it is established by clear and convincing evidence that the valuation placed upon his property when compared with valuations placed on other similar properties is grossly excessive and is the result of a systematic exercise of intentional will or failure of plain legal duty, and not mere errors of judgment. LeDioyt v. County of Keith, 161 Neb. 615, 74 N. W. 2d 455.

The evidence of the plaintiff is based on conclusions as to the proportionate assessed valuation of his property as compared with the assessed value of other properties alleged to be similar. Such conclusions, however, are no better than the facts testified to upon which they rest. Where such a conclusion is not supported by facts, it has little, if any, evidentiary value. The witnesses for the taxpayer do not fix the values of the properties with which his property is compared. The evidence is nothing more than the expression of opinions that plaintiff's property is disproportionately assessed to his injury. The evidence of the county of Dawson shows the use of a formula containing most, if not all, the elements required to be considered in determining the assessed value of tangible property. The applicable statute provides: "Basic value shall mean the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; and (5) comparison with other properties of known or recognized value." § 77-112, R. S. Supp., 1955.

Several of the properties testified to by the plaintiff as being comparable to his property are not similar. This includes four garage buildings which, although having a large floor space, are not finished on the inside except the offices in the front. Others are not comparable because of age. None of them is shown to have a known or fixed value. Plaintiff appears to rely primarily on the assessed value of the Reutlinger Building, the Lexington State Bank Building, and Farmers State Bank Building to establish a discrimination in his assessment. These properties were valued for assessment purposes at $13,475, $9,890, and $9,970, respectively. Each was assessed upon a valuation less than the $16,080 at which plaintiff's property was assessed.

The Reutlinger Building is a three-story building, 90 feet by 44 feet, with a two-story addition on the rear

which is 10 feet by 44 feet. The main building was constructed 51 years ago, and the addition 19 years ago. The depreciation allowed on this building clearly accounts for its lesser assessed valuation. The Lexington State Bank Building is 67 years old which accounts for its lesser assessed valuation. The Farmers State Bank Building is 60 years old as against plaintiff's 8-year-old building.

It has been frequently recognized by this court that absolute or perfect equality and uniformity in taxation cannot be attained. Something more than a difference of opinion must be shown. It must be demonstrated by evidence that the assessment is grossly excessive and is a result of arbitrary or unlawful action, and not a mere error of judgment. A claim of disproportionate assessment is not sustained when supported only by opinion evidence that the property is assessed at a higher proportion to its actual value than some other property. Such a contention must be sustained by evidence that the valuation is arbitrary or capricious, or so wholly out of line with actual values as to give rise to an inference that the assessor and county board of equalization have not properly discharged their duties. Mere errors of judgment do not sustain a claim of discrimination. There must be something more, something which in effect amounts to an intentional violation of the essential principle of practical uniformity. The law imposes the duty of valuing and equalizing of property for taxation purposes upon the county assessor and the county board of equalization. In reviewing the actions of tribunals created by law for ascertaining the valuation and equalization of property for taxation purposes, courts will not usurp the functions of such tribunals. It is only where such assessed valuations are not in accordance with law, or it is made to appear that they were made arbitrarily or capriciously, that courts will interfere. The valuation of property is largely a matter of judgment, but mere differences

of opinion, honestly entertained, though erroneous, will not warrant the interference of the courts. If uniformity of opinion were required, no assessment could ever be sustained. These principles are discussed at length in LeDioyt v. County of Keith, *supra*, and we find no reason for repeating the discussion here.

The evidence of the taxpayer indicates a difference of opinion with the county assessor and the county board of equalization as to the valuations fixed by the latter. The evidence of the county shows that the valuations were fixed by a formula within the requirements of section 77-112, R. S. Supp., 1955. Such formula was applied fairly and impartially to plaintiff's property and all similar properties. There is no evidence of arbitrary or capricious action by the taxing authorities, nor any claim of intentional or arbitrary discrimination. It is clear from the record that the plaintiff's property and properties similar thereto were valued for tax purposes by the same formula. The facts upon which the taxing authorities made their valuations for tax purposes were of superior quality to those offered in support of a reduction of the assessed values, which consisted of opinion evidence only.

We find on trial de novo that the evidence preponderates in favor of the county on the issues before the court. We necessarily conclude that the evidence of the taxpayer is insufficient to sustain a reduction of the assessed value of his property and that the trial court erred in granting any reduction thereof. The judgment of the district court is reversed and the petition of the plaintiff is dismissed.

REVERSED AND DISMISSED.