JOSTEN-WILBERT VAULT COMPANY, APPELLANT, V. BOARD
OF EQUALIZATION, BUFFALO COUNTY, NEBRASKA, ET AL.,
APPELLEES.

138 N. W. 2d 641

Filed December 3, 1965. No. 36003.

Dier & Ross and Marti, O'Gara & Dalton, for appellant.

Andrew J. McMullen and Duane L. Hubbard, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

The plaintiff has appealed from a judgment of the district court refusing to change the 1964 tax valuation of plaintiff's real estate.

The real estate consists of aproximately 10 acres of ground with a tile building of 13,040 square feet, located on the westerly edge of Kearney, on a graveled road several blocks from U. S. Highway No. 30. The build-

ing was constructed in 1952 by the Greater Kearney Corporation, a local civic promotional body with the objective of attracting industry to Kearney. After it was built in 1952, it stood vacant for several years, and later was leased to the Rockwell Company for a term of 10 years. This lease had not expired at the time of the hearing. The Rockwell Company occupied the building and used it as a school for its employees and later for storage purposes. In 1962, after the Greater Kearney Corporation had disposed of all of the residences that it owned, the board voted to dispose of this property and liquidate the corporation. The property was listed for sale with several real estate men in Kearney, and various efforts were made to sell the property. It was sold to plaintiff in January 1964 for $27,000. The testimony of the secretary of the Greater Kearney Corporation was that when the offer of $27,000 was presented: "* * * I took it up with the board members of the Greater Kearney Corporation and I had to show them whether we could liquidate and pay off all the stockholders with that amount. After considerable figuring I came to the conclusion that we could liquidate, and they approved the offer." He also testified that, in his opinion, in January 1964, $27,000 was the best price they could get for this building and property. A real estate and insurance man testified: "Well, I concluded that we were not going to be able to sell it to the Josten-Wilbert Vault Company for what we wanted to get for it, so Mr. Wittera and I sat down and figured out how little we could take for the building and still liquidate the Greater Kearney Corporation. * * * We offered it to them for $27,000 and they bought it." The same witness also testified that he did not know of anybody else who would have paid in January 1964, more than $27,000, and in response to the question: "Do you have an opinion as to whether this price was the most you could get for it?" answered, "I am quite sure that it was the maximum dollars that could be obtained for the build-

ing at that time." No witness for the plaintiff was ever asked, nor did any testify, as to his opinion of the actual value or the fair market value of the property. The prior tax valuation was $59,360 and on protest, the board of equalization reduced the valuation to $45,825.

It is the plaintiff's basic contention that a sale price, under the facts here, establishes "actual value" for tax purposes. We cannot agree.

Ordinarily the valuation by the assessor is presumed to be correct. There is also a presumption that a board of equalization has faithfully performed its official duties, and in making an assessment, acted upon sufficient competent evidence to justify its action. Collier v. County of Logan, 169 Neb. 1, 97 N. W. 2d 879; Matzke v. Board of Equalization, 167 Neb. 875, 95 N. W. 2d 61.

We have held that the presumption of correctness disappears if there is competent evidence to the contrary, and thereafter the reasonableness of the valuation is one of fact to be determined by the evidence. Richards v. Board of Equalization, 178 Neb. 537, 134 N. W. 2d 56. Evidence that a sale was made at a price different than the value for tax purposes is not sufficient competent evidence to overcome the presumption without proof of the character and circumstances of sale. There is no magic formula or mathematical yardstick by which actual value can be precisely determined. No single factor or element of value standing alone is conclusive. While a sale price, in some circumstances, may be a very important factor in determining actual value or fair market value, it is only evidence to be considered along with other evidence. "Sale price" is not synonymous with actual value or fair market value.

The evidence is undisputed that the assessor considered all elements of value set out in section 77-112, R. R. S. 1943. A detailed and itemized appraisal is in evidence. The evidence was undisputed that both the assessor and the board of equalization knew that plaintiff's property had been sold for $27,000, and that they

did not think the sale price reflected actual value. The plaintiff, in cross-examination, brought out testimony with respect to other buildings for purposes of comparison. Their type and general construction were similar, although their location, equipment, and size were different. The valuation for tax purposes of one of these buildings was $4.28 per square foot, and of another $4.15; while the plaintiff's building was $3.12 per square foot. Evidence was brought out showing that the other properties had been sold for approximately their tax valuation, while plaintiff's property had been sold at a substantially lower figure than the tax valuation. It is contended that this evidence established that the tax valuation on plaintiff's property was too high. It might be just as logically argued, however, that it established that the sale price on plaintiff's property was too low. The evidence was uncontradicted that they were all valued for taxation on the same basis, but there was no evidence whatever that the circumstances of the sales were the same.

It has consistently been held that the burden of proof is upon a taxpayer to establish his contention that the value of his property has been unlawfully fixed by the county board of equalization in an amount greater than its actual value. Newman v. County of Dawson, 167 Neb. 666, 94 N. W. 2d 47. Evidence that a sale of real estate was made at a price less than the value for tax purposes is not ordinarily sufficient to establish that the value of the property has been unlawfully fixed by the county board of equalization. To the extent that a sale is motivated in part by considerations other than the value of the property sold, the sale price carries even less weight as evidence of actual value. Under the evidence in this case, the plaintiff has failed to sustain the burden of establishing that the actual value of its property was less than that fixed by the board of equalization.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., dissenting.

I respectfully dissent from the opinion of the majority of the court in this case which holds that the evidence concerning the sale of the property was not sufficient to overcome the presumption that the valuation fixed by the board of equalization was correct.

The property involved in this case was originally offered for sale in 1962 at $32,000. It was offered through a multiple listing with all of the local real estate men. Prospects were contacted and the property was advertised in an Omaha, Nebraska, newspaper. Mr. A. C. Wittera, a real estate broker, testified that he tried to sell it for about 2 years but was unsuccessful. In 1963, the property was offered to the plaintiff at $32,500, later at $30,000, and eventually sold at $27,000.

Evidence of sale price alone may not be sufficient to overcome the presumption that the board of equalization has valued the property correctly. But where, as in this case, the evidence discloses the circumstances surrounding the sale and shows that it was an arm's length transaction between a seller who was not under compulsion to sell and a buyer who was not compelled to buy, it should receive strong consideration.

The property concerned here is located at the edge of town and off the highway. Its principal use seems to be for storage. The witnesses for the defendant attempted to compare it with a building constructed upon land which is located upon a highway and valued proportionately at more than 10 times that of land upon which the plaintiff's building is constructed. It would appear that too much emphasis has been placed upon reproduction cost and sufficient consideration not given to relative location and desirability.

I am authorized to state that Judge Brower and Judge Smith concur in this dissent.