RICHARD D. HELVEY, DOING BUSINESS AS RENT ALL RENTALS,
LEXINGTON, NEBRASKA, APPELLEE AND CROSS-APPELLANT, V.
DAWSON COUNTY BOARD OF EQUALIZATION ET AL., APPELLANTS
AND CROSS-APPELLEES.

495 N.W.2d 261

Filed February 12, 1993.    No. S-89-1411.

John H. Marsh, Dawson County Attorney, and Michael F. Maloney for appellants.

John DeCamp, of DeCamp Legal Services, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In this case, the issue before the district court for Dawson County was whether certain personal property held for rental purposes was "business equipment" subject to personal property tax rather than being exempt as "business inventory."

The Dawson County Board of Equalization (Board), after a hearing, determined that personal property held for rental purposes by Richard D. Helvey, doing business as Rent All Rentals, was business equipment and thus taxable. The district court reversed the Board's decision and found the property to be business inventory and thus exempt. The Board appealed to this court.

Because this court in *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 238 Neb. 565, 471 N.W.2d 734 (1991), determined that the statute, Neb. Rev. Stat. § 77-202(7) (Reissue 1990), exempting business inventory from personal property tax was unconstitutional, and because the assessment of Helvey's property was not arbitrary or unreasonable, the decision of the district court is reversed and the cause remanded to the district court with direction to enter judgment consistent with this opinion.

> An appeal from action by a county board of equalization is an equity action tried de novo in the district court. . . . On appeal from the district court to an appellate court, an equity case is tried as to factual issues de novo on the record, requiring the appellate court to reach a conclusion independent of the findings of the trial court. . . . However, when credible evidence conflicts, the

appellate court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.

(Citations omitted.) *Dowd v. Board of Equal.*, 240 Neb. 437, 439, 482 N.W.2d 583, 585 (1992).

The record reflects that in January 1980, Helvey opened a store in Dawson County from which he rented to customers various items, including garden tools, home appliances, and light contractor tools. Helvey collected sales tax on the rental payments from his customers.

Helvey testified that his first property tax schedule was filed in March 1981, at which time he met with the Dawson County assessor for assistance in filling out the return. Helvey testified that they discussed the nature and type of business in which he was engaged. According to Helvey, the assessor never expressed an opinion on the taxability of rental equipment, but "we just both assumed that she knew and I knew that [rental] inventory was exempt." At the hearing before the county board of equalization, he claimed that because sales tax was charged on the property rented, the property was resale property and that he need list only his office furniture and fixtures on the personal property tax return. Each year thereafter, Helvey filed a similar return.

When Helvey sold his store in May 1984, the assessor accelerated the tax due on the business. See Neb. Rev. Stat. § 77-1214 (Reissue 1990). The assessor testified that upon learning of the sale, she became aware that Helvey had not been taxed on his personal rental property. The assessor testified that she made several attempts between May and December 1984 to persuade Helvey to file schedules of his personal rental property for the years 1981 through 1984. When those attempts proved unsuccessful, the assessor sent Helvey schedules in which she had placed a value of $75,000 on the personal rental equipment which had been omitted for each of the 4 years in question. The valuations and assessments were made by the assessor under Neb. Rev. Stat. § 77-412 (Reissue 1981 & Cum. Supp. 1984), recodified as § 77-1233.04 (Reissue 1990). Their assessment was based on the selling price of the business, less "blue sky." Helvey filed a protest with the Board.

In May 1985, to make a more accurate assessment, the assessor subpoenaed Helvey's records. The process of assessment was accomplished primarily through the use of Helvey's state and federal income tax returns and bank records and the contract of sale of the business. The assessment process was complicated by the fact that the tax returns did not differentiate between Helvey's property at his Dawson County store and property at a store he owned in Red Willow County. Using bank records of Helvey's deposits, the assessor allocated 63 percent of the personal rental property to the Dawson County store and 37 percent to the store located in Red Willow County. Although Dawson County retained possession of his financial records, Helvey was allowed access to them.

On June 6, 1985, the assessor met with Helvey's lawyer and informed him that a revised assessment was forthcoming which was based on the materials obtained through subpoena. Helvey did not furnish any additional information to the assessor. On July 15, 1985, Helvey was notified that the revised assessment of his personal rental property in Dawson County was $49,480, $67,200, $72,640, and $99,909 for the years 1981 through 1984, respectively. Because the property had not been voluntarily reported, a 50-percent penalty was also assessed pursuant to § 77-412.

The Board heard Helvey's protest on July 30 and August 1, 1985. Before the Board, Helvey argued that the property was business inventory, which was exempt from personal property tax pursuant to § 77-202(7) (Reissue 1981 & Cum. Supp. 1984). He argued that other businesses located in Dawson County were not taxed on their personal rental property and that other counties did not tax such property. Helvey also claimed that the assessment was inaccurate, in that items which were intended only for resale were included in the list of taxable rental property. According to Helvey, these resale-only items were listed as business inventory on his federal income tax returns. However, Helvey also stated that there were a few items included in the business inventory amounts that were rental items. He was unable to document an allocation of personal rental property versus property intended only for resale, but his "guess" was that resale-only property averaged $30,000 per

year. Helvey also complained that the apportionment of the property between Dawson County and Red Willow County was erroneous because the gross receipts contained in the amounts allocated to Dawson County contained loan amounts being repaid to him and personal checks which Helvey occasionally put into the business. However, Helvey was unable to say what the proper allocation between the two stores should have been.

The assessor testified that it had always been her policy to tax personal rental property in Dawson County. She offered and the Board received into evidence a list of lessors of taxable rental equipment reported in Dawson County in 1985 and the amount of rental property tax paid by those lessors on that equipment. The list was offered as an example of office procedures employed by the assessor with regard to rental property.

The assessor testified that in allocating amounts between Helvey's two stores, she computed only amounts from 1982 and then extrapolated those amounts to the years 1981, 1983, and 1984. She stated that she "used [the year 1982] for an estimate because it would take me six months to go through these records." She also testified that 1982 was the only year for which she had complete records. The assessor denied that her apportionment between Helvey's two stores was incorrect and stated that any loan amounts or personal deposits of Helvey had been omitted from the total deposits.

On August 1, 1985, the Board found that (1) the property was taxable, (2) the penalty imposed by the assessor was proper, and (3) "the assessment of the assessor is presumed to be correct and that [Helvey] has completely failed to present any evidence to show that the assessment was erronious [sic] or arbitrary in any manner and that the assessment as presented by the assessor should be approved and accepted."

Helvey appealed the Board's findings to the district court for Dawson County. Helvey claimed, in part, that the Board erred in that (1) the method utilized by the assessor in preparing Helvey's tax schedules was arbitrary, capricious, and unreasonable, (2) the property in question was not subject to personal property tax under Nebraska law, (3) the laws and regulations relied upon by the Board and the assessor in

determining the taxability of Helvey's property are unconstitutional, (4) the valuation, assessment, and levy of the tax on Helvey's property were not in accordance with the methods provided by law or with the standards promulgated by the Tax Commissioner, (5) the tax was not levied by valuation uniformly and proportionately upon all tangible property, (6) the imposition of a penalty and interest on the taxes on personal property was arbitrary, unreasonable, and inequitable, and Helvey was not given an opportunity to seek waiver of the penalties and interest, and (7) the tax on Helvey's property pursuant to applicable statutes is unconstitutional and void because the statutes are not uniformly applied throughout the state and are applied in a discriminatory and unequal manner.

The district court reversed the Board's decision, finding that Helvey's personal rental property constitutes business inventory exempt from taxation. The court relied on the definition of "inventory" found in Neb. U.C.C. § 9-109 (Reissue 1992), which definition includes items which are held out for sale or lease. The court also concluded that the action of the Board was unreasonable and arbitrary, finding significant the

> totality of the circumstances presented in this case, including the subpoenaing and maintaining of [Helvey's records] until right before the hearing; including the testimony of [Helvey] that much, if not a great majority, of the equipment involved was subject to sale and was, in fact, sold; including the method of assessment employed by the county assessor, including the unrefuted testimony that very few counties were taxing such property at all; including the difference in assessment from the property in McCook, Nebraska, as opposed to the property in Lexington, Nebraska; and including the actions of the county in relationship to [Helvey] as they relate to the tax years in question and the acceptance of his tax form . . . .

The Board appealed the decision of the district court that Helvey's personal rental property was exempt from taxation. The Board claims, in summary, that the court erred in (1) relying on the definition of business inventory found in the U.C.C. rather than that found in the Nebraska Department of

Revenue regulation, 316 Neb. Admin. Code, ch. 42, § 003.02 (1985), and (2) finding that the Board's action was unreasonable and arbitrary.

Section 77-202(7) provided that "[b]usiness inventory shall be exempt from the personal property tax." The exemption in this subsection was among those exemptions found unconstitutional by this court in *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 238 Neb. 565, 471 N.W.2d 734 (1991). Therefore, we need not decide whether Helvey's personal rental property was business inventory within the meaning of this statute because the property was taxable in any event. "[A court] may not properly grant relief based upon a statute which is nonexistent or one which has become nonexistent by reason of judicial declaration of unconstitutionality by this court whether the question has been raised by the parties or not." *State v. Bardsley*, 185 Neb. 629, 632, 177 N.W.2d 599, 601-02 (1970), *overruled on other grounds, State v. Rosenberger*, 187 Neb. 726, 193 N.W.2d 769 (1972). See, also, *Mara v. Norman*, 162 Neb. 845, 77 N.W.2d 569 (1956).

Because Helvey's personal rental property is not tax exempt, we must next decide whether the district court was correct in determining that the assessment was "unreasonable and arbitrary." While an appeal from a county board of equalization is heard de novo in the district court, Neb. Rev. Stat. § 77-1511 (Reissue 1990) requires that "[t]he court shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary, or unless evidence is adduced establishing that the property of the appellant is assessed too low."

On appeal, a court presumes the [county] board of equalization faithfully performed its duties in making an assessment of value and acted upon sufficient competent evidence to justify its action. The presumption remains until there is competent evidence to the contrary. . . . From that point on, the question of unreasonableness of valuation fixed by the board of equalization becomes one of fact based upon the evidence, unaided by the presumption.

(Citation omitted.) *Dowd v. Board of Equal.*, 240 Neb. 437,

439, 482 N.W.2d 583, 585 (1992). The burden of showing such valuation to be unreasonable rests upon the taxpayer on appeal from the action of the board. *Ideal Basic Indus. v. Nuckolls Cty. Bd. of Equal.*, 231 Neb. 653, 437 N.W.2d 501 (1989).

In this case, Helvey did not meet his burden to rebut the presumption that the Board acted upon sufficient and competent evidence. He complained at the Board hearing that the assessor's figures were incorrect, but he did not calculate an alternative assessment. He stated that the figures listed on his tax returns as inventory consisted primarily of resale-only items, but he could not document any amounts. Helvey stated that on average there was $30,000 of resale property each year, but he conceded that that figure was a guess.

Helvey first realized in May 1984 that the assessor intended to tax his personal rental property. He remained in possession of his business records until May 1985. Even after the records were given to the assessor pursuant to subpoena, Helvey had access to them with which to develop his challenge to the assessment. His attorney met with the assessor in early June 1985 to discuss the forthcoming revised assessments, but no additional documents were ever furnished to the assessor which might have led to a change in her assessments.

In sum, Helvey was able to show only that he disagreed with the assessment. Ordinarily the valuation by the assessor is presumed to be correct. *Josten-Wilbert Vault Co. v. Board of Equalization*, 179 Neb. 415, 138 N.W.2d 641 (1965). Showing a mere difference of opinion regarding valuation of property for tax purposes is not sufficient to meet a taxpayer's burden of persuasion. In *Spencer Holiday House v. County Bd. of Equal.*, 215 Neb. 194, 200, 337 N.W.2d 759, 763 (1983), we held:

> "In an appeal to the county board of equalization or to the District Court, and from the District Court to this court, the burden of persuasion imposed on the complaining taxpayer is not met by showing a mere difference of opinion unless it is established by clear and convincing evidence that the valuation placed upon his property when compared with valuations placed on other similar property is grossly excessive and is the result of a

systematic exercise of intentional will or failure of plain duty, and not mere errors of judgment."

In *LeDioyt v. County of Keith*, 161 Neb. 615, 630, 74 N.W.2d 455, 464 (1956), we held:

> As a general rule the valuation of property for tax purposes by the proper assessing officers should not be overthrown by the testimony of one or more interested witnesses that the values fixed by such officers were excessive or discriminatory when compared with values placed thereon by such witnesses. Otherwise, no assessment could ever be sustained.

As we view the record, the only satisfactory evidence of value of Helvey's personal rental property came from the testimony of the Dawson County assessor.

Helvey argues on cross-appeal that the taxation of his property violates the Equal Protection Clause of the U.S. Constitution; article VIII, § 1, of the Nebraska Constitution; and this court's decision in *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 443 N.W.2d 249 (1989). Helvey contends that a taxpayer has the right to have his property taxed at the lowest level assessed on similar property even though this departs from the statutory requirement.

The evidence produced by Helvey is insufficient to show that Helvey's property was improperly or unfairly taxed. Helvey testified, substantially based upon hearsay, that other businesses, both inside and outside of Dawson County, were not taxed on similar property. The Dawson County assessor testified that "we have always had rental equipment on our schedule and we have always taxed it." Helvey presented insufficient evidence to support his claim that taxation of his property was violative of the U.S. or Nebraska Constitutions. The assignments of error on cross-appeal have no merit.

Because the exemption for business inventory from personal property tax was ab initio unconstitutional, Helvey's personal rental property was subject to personal property tax. Helvey failed to prove that his property was either arbitrarily or unreasonably assessed. The decision of the district court that Helvey's personal rental property was not taxable is reversed, and the cause is remanded to the district court with direction to

enter judgment consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTION.

SHANAHAN, J., concurring.

The majority retroactively applies *MAPCO Ammonia Pipeline v. State Bd. of Equal., 238 Neb. 565, 471 N.W.2d 734 (1991) (MAPCO I)* to a tax dispute which originated in 1981. Because *MAPCO I* should be applied prospectively, I disagree with the basis for the majority's disposition of Helvey's appeal. *See MAPCO Ammonia Pipeline v. State Bd. of Equal., ante* p. 263, 494 N.W.2d 535 (1993) (Shanahan, J., dissenting).

However, I reach the same conclusion as that of the majority in this case, namely, Helvey's personal property is subject to taxation. Although Neb. Rev. Stat. § 77-202(7) (Reissue 1981 & Cum. Supp. 1984) provided that "[b]usiness inventory shall be exempt from the personal property tax," the Nebraska Department of Revenue regulation, 316 Neb. Admin. Code, ch. 41, § 2(2) (1980), provided: "A lease or rental is not a sale, goods held for lease or rental by a taxpayer cannot be included in business inventory." Furthermore, "[a]gency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law." *Nucor Steel v. Leuenberger*, 233 Neb. 863, 866, 448 N.W.2d 909, 911 (1989).

The record shows that § 2(2) was properly adopted by the Department of Revenue, was filed with the Secretary of State's office on November 19, 1980, and remained effective until March 18, 1985, when the regulation was superseded by 316 Neb. Admin. Code, ch. 42, § 003.02 (1985). Therefore, according to § 2(2), Helvey's personal property held for rental or lease was not business inventory, but was tangible personal property taxable during the years 1981 through 1984. Consequently, the district court's ruling to the contrary was incorrect as a matter of law. Since the evidence is insufficient in Helvey's case to show that the county board of equalization's action was arbitrary and capricious, the district court's ruling should be reversed and the cause remanded with direction to reinstate the county board's order or decision that Helvey's personal property was taxable inasmuch as the property was held for rental or lease.