BEYNON FARM PRODUCTS CORPORATION, APPELLANT, V.
THE BOARD OF EQUALIZATION OF GOSPER COUNTY,
NEBRASKA, APPELLEE.

331 N.W.2d 531

Filed March 25, 1983.   No. 82-188.

Ira D. Beynon and John H. Sohl, for appellant.

Carlton E. Clark, Gosper County Attorney, for appellee.

BOSLAUGH and CAPORALE, JJ., and SPENCER and BRODKEY, JJ., Retired, and GRANT, D.J.

CAPORALE, J.

Plaintiff-appellant, Beynon Farm Products Corporation (Beynon), appeals from the judgment of the District Court finding the actual value of its quarter section of agricultural real estate in Gosper County for taxation purposes in 1981 to be $188,070, including an assessment of $11,240 for the single improvement

of a grain bin and associated equipment. That value was fixed by the county assessor and left undisturbed by the defendant-appellee, Board of Equalization of Gosper County. We reverse.

Beynon has made two assignments of error, the first being that the District Court erred in holding the county assessor did not act in an arbitrary, capricious, discriminatory, and illegal manner in increasing the assessed value of its property; and, secondly, that the District Court erred in holding the county could legally increase the value of plaintiff's property for taxation by relying entirely on the Nebraska Department of Revenue's manual published for valuation purposes, and also on opinions of certain members of that department, both of which are allegedly unsupported by the evidence required by the taxing statute. The imprecision of these assignments makes it difficult to determine exactly what it is that plaintiff is complaining about, except the ultimate claim that its property has been assessed at too great a value. Although plaintiff's petition on appeal asserts, among sundry other things, that the valuation of its property has not been equalized with the valuations of similar property in Gosper County, there is no competent evidence to support that allegation except, as is seen in the discussion which follows, with respect to 15 acres which the record establishes were misclassified.

Article VIII, §§ 1 and 5, of the Nebraska Constitution requires that taxes be levied "uniformly and proportionately." Neb. Rev. Stat. § 77-201 (Reissue 1981) requires that real estate not expressly exempted be taxed at actual value. Actual value has been held to mean fair market value. *Hastings Building Co. v. Board of Equalization,* 212 Neb. 847, 326 N.W.2d 670 (1982); *Beaver Lake Assn. v. County Board of Equalization,* 210 Neb. 247, 313 N.W.2d 673 (1981). Neb. Rev. Stat. § 77-112 (Reissue 1981) provides: "Actual value of property for taxation shall mean and include the value of property for taxation

that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) comparison with other properties of known or recognized value; (6) market value in the ordinary course of trade; and (7) existing zoning of the property." Neb. Rev. Stat. § 77-1330(1) (Reissue 1981) provides: "The Tax Commissioner shall prepare, issue, and annually revise guides for county assessors in the form of handbooks of rules and regulations, appraisal manuals, special manuals and studies, cost and price schedules, news and reference bulletins, property tax laws, and memorandums. County assessors shall continually use such guides in the performance of their duties. All appraisals or reappraisals of property for tax purposes shall be in compliance with such manuals and guides."

With the foregoing rules in mind, we review the pertinent evidence in this case. No independent expert testified at the District Court trial as to the actual or fair market value of the property in question. Ira D. Beynon, president of the plaintiff corporation, testified that a portion of the land was low and was consequently inundated with water such that 10 acres were useless and an additional 5 acres were nearly so. He nonetheless plants these acres because it is too much trouble to turn the tractor around before he gets to them. Mr. Beynon, who has had experience in buying, selling, and valuing farmland, answered the following question affirmatively: "And that you are actually saying that the total property — the total value of the property and improvements for this farm should be a hundred and sixty thousand, some higher?" Plaintiff's protest, received in evidence, asked that the valuation of the realty and improvement be reduced to $161,110. The only evidence as to the value of the low-lying 15 acres was Mr. Beynon's testimony that

10 of those acres were worth $100 per acre and the remaining 5 were worth $300 per acre. There is also evidence that the single improvement, consisting of a 10,000-bushel grain bin along with associated equipment, was 9 years old and that the equipment had deteriorated to such a point that it had become inoperable. There is uncontested evidence that the actual value of the bin and equipment does not exceed $7,459.

The assessor, Mary Gruber, testified that she followed the Nebraska Agricultural Land Valuation Manual prepared by the Nebraska Department of Revenue; that she had no discretion to depart from the valuations established by the manual for various classifications of ground without Department of Revenue approval; and that she had made no inquiry as to the earnings produced by the subject farm. As county assessor she has access to information on all sales of real estate in the county and is familiar with comparable sales, and opined, without objection, that the taxed value of the subject property "does not exceed the fair market value" and is "just lower than market value." She testified that as the farm in its entirety is used as irrigated farmland she necessarily classified it as such, classifications being based on the use of the land. She further testified, however, that there is a classification for wasteland, that some land in the county is so classified, and that if plaintiff were using the 15 acres in question differently they would be assessed differently.

It does appear, as plaintiff argues, that the Gosper County assessor may not be entirely clear as to the factors she must consider and the proper role information supplied by the Department of Revenue plays in her duty to assess property. We do not know what the Legislature had in mind when it included "property tax laws" in the listing of items it characterizes as "guides" in § 77-1330(1), other than instructing the Tax Commissioner to keep assessors

advised annually with information as to current property tax laws. It is necessarily the fact, however, that all things except constitutionally valid property tax laws are no more than guidelines to be employed in arriving at an ultimate assessment against a particular taxable unit which meets the constitutional and statutory requirements that property be taxed uniformly and proportionately, at an amount which does not exceed actual value. As we have said in the past, authorities charged with the duty of valuing property for taxation are not limited to just one method of determining value. They are required to use methods and to consider such relevant factors as result in a proper assessment. *Farmers Co-op Assn. v. Boone County, ante* p. 763, 332 N.W.2d 32 (1983); *Potts v. Board of Equalization, ante* p. 37, 328 N.W.2d 175 (1982); *Lincoln Tel. & Tel. Co. v. County Board of Equalization,* 209 Neb. 465, 308 N.W.2d 515 (1981); *Gradoville v. Board of Equalization,* 207 Neb. 615, 301 N.W.2d 62 (1981). In the absence of other evidence, proof that the guidelines provided by the Tax Commissioner were applied correctly raises a presumption that the assessment is legally proper. *Farmers Co-op Assn., supra.* Here, however, there is uncontradicted evidence which establishes that the 15 acres in question are misclassified, i.e., they are in fact wasteland but classified as irrigated farmland. Thus, even if the farm unit in question is assessed at less than market value, that part consisting of those 15 acres is not being assessed "uniformly and proportionately" to other similar land. A landowner is entitled to have his property assessed uniformly and proportionately with other property even though the result may be that it is assessed at less than actual value. *Konicek v. Board of Equalization,* 212 Neb. 648, 324 N.W.2d 815 (1982). Misclassifying property may result, as the evidence in this case establishes, in a lack of uniformity and proportionality. In such an event the taxpayer is entitled to relief.

We review an appeal from a board of equalization de novo as in an equitable proceeding. *Hastings Building Co. v. Board of Equalization,* 212 Neb. 847, 326 N.W.2d 670 (1982). Applying that standard, we find that the assessment in question should be reduced so as to reflect a value for the 15 acres in question of $2,500 and further reduced to reflect the value of the improvement to be $7,459.

We remand the case to the District Court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.