ARCHIE A. WARNER, APPELLEE, v. BOARD OF EQUALIZATION OF LINCOLN COUNTY, NEBRASKA, AND LINCOLN COUNTY, NEBRASKA, APPELLANTS.

335 N.W.2d 556

Filed June 24, 1983. No. 82-460.

Charles A. Kandt, Lincoln County Attorney, for appellants.

Patrick B. Hays of Clough & Hays, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The Board of Equalization of Lincoln County, Nebraska (Board of Equalization), appeals from a judgment entered by the District Court for Lincoln County finding that the Board of Equalization disproportionately and unequally assessed real estate owned by appellee, Archie A. Warner. We believe that the trial court was correct in its determination and affirm the judgment.

At the outset we note that this is not a case of property being valued in excess of its actual value in violation of Neb. Rev. Stat. § 77-201 (Reissue 1981) but, rather, as we have noted, property being valued in violation of Neb. Const. art. VIII, § 1, which provides in part that taxes shall be levied by valuation uniformly and proportionately. This, of course, the state may not do. As we noted in *Konicek v. Board of Equalization*, 212 Neb. 648, 324 N.W.2d 815 (1982), a landowner is entitled to have his property assessed uniformly and proportionately with other property even though the result may be that it is assessed at less than actual value. See, also, *Sioux City Bridge v. Dakota County*, 260 U.S. 441, 446, 43 S. Ct. 190, 67 L. Ed. 340 (1923), wherein the U.S. Supreme Court said: "This Court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both

the standards of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law."

The evidence produced at trial disclosed that Warner was the owner of a tract of land located in the west half of the northwest quarter and a part of the northwest quarter of the southwest quarter of Section 15, Township 14 North, Range 30 West of the 6th P.M., Lincoln County, Nebraska, consisting of 14.9 acres. The land is located 2½ miles north of the city of North Platte, Nebraska, on Highway 83. Warner has lived on this property for some 32 years. Originally, he owned approximately 25.9 acres, but in 1966 he sold 10 acres to a neighbor. Testimony adduced by both Warner and by the county assessor established the fact that there was no difference between Warner's property and land located either directly across the road or land located within a quarter of a mile of Warner's property, except as to size. Yet Warner's property was valued at $850 an acre while property across the road and down the road was valued at $80 an acre.

The assessor testified that for the year in question she determined that property having less than 21 acres of land was not agricultural land but, rather, land held for "sites." She conceded that she considered nothing except size in selecting 21 acres as the cutoff, and applied valuations to Warner's land based solely upon the number of acres he owned. The assessor testified that she had prepared a standard formula in which 1-acre tracts were valued at $2,000; 2- to 5-acre tracts, at $1,500 per acre; 6- to 10-acre tracts, at $1,000 per acre; 11- to 20-acre tracts, at $850 per acre. She further testified that if the holdings were 21 acres or more and the land classified as 3R, which was similar to the land owned by Warner, it would be valued at $80 per acre.

Examples of the manner in which land in the immediate area was valued were disclosed by the

assessor's further testimony. She conceded that there were no changes in the use of the Warner land. She further testified that a tract of land located directly east of Warner's was valued at $80 per acre. While the land was the same in character, it consisted of 116.53 acres. She further testified that a tract of land located some 800 feet north and east across the road from Warner, consisting of 32.51 acres, was also valued at $80 an acre. The only apparent difference between the Warner property and this property was its size.

A further example of the manner in which the formula used by the county assessor resulted in nonuniform and disproportionate valuation was made apparent by testimony concerning the property located immediately north of the Warner property. The property owner owned 21.99 acres, of which 11.94 acres were located on one side of the highway and 10.05 acres on the other side. The assessor testified that if the road did not bisect the property the entire tract would be valued at $80 an acre, but because the road bisected the property, thereby making a tract of less than 21 acres, the property was valued at $850 an acre. The assessor further testified that if the property in question was not classified as a site because of its size, it would have been valued at $80 an acre.

Real property taxes may not be equalized by merely classifying property and then arbitrarily applying a given value to all properties of that classification. See, *Konicek v. Board of Equalization*, 212 Neb. 648, 324 N.W.2d 815 (1982); *Beynon Farm Products v. Bd. of Equalization*, 213 Neb. 815, 331 N.W.2d 531 (1983). The mere fact that a formula is devised, by which property is nonuniformly and disproportionately assessed, does not satisfy the constitutional requirement. The size of the tract may be significant, but that fact, standing alone, cannot be controlling. Neb. Rev. Stat. § 77-112 (Reissue 1981) provides: "Actual value of property for taxation

shall mean and include the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) comparison with other properties of known or recognized value; (6) market value in the ordinary course of trade; and (7) existing zoning of the property." When these various factors are considered, it is apparent that the assessor, in the first instance, and the Board of Equalization, thereafter, in assessing Warner's property at $850 an acre acted arbitrarily and capriciously. The action of the trial court in reducing the value to $80 an acre was proper.

In concluding, we should note here, as we did in *Gradoville v. Board of Equalization*, 207 Neb. 615, 626, 301 N.W.2d 62, 68 (1981), that "it is not improper for the county, in attempting to arrive at values, to use formulas. Nor is it improper for counties, in arriving at values, to use comparable lands or sales. All of those factors, however, must be part and parcel of an overall evaluation and must, in some manner, be supported by the facts." The judgment of the trial court is affirmed.

AFFIRMED.