AIRPORT INN, INC., ET AL., APPELLANTS, V. COUNTY BOARD OF EQUALIZATION OF THE COUNTY OF LANCASTER ET AL., APPELLEES.

340 N.W.2d 378

Filed November 18, 1983. Nos. 82-585, 82-586, 82-587.

John F. Akin, for appellants.

Michael G. Heavican, Lancaster County Attorney, and Michael E. Thew, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

In these consolidated appeals plaintiffs-appellants, Airport Inn, Inc., and Prudential Insurance Company of America, take exception to the trial court's determination that the valuations fixed by the defendant-appellee Lancaster County Board of Equalization were not greater than their property's actual values. We affirm.

The real estate and improvements in question, located in Lancaster County, are owned by Prudential and leased by Airport Inn, Inc., which is obligated by its lease agreement to pay the taxes. The actual value for tax purposes for the years 1979 and 1980 was assessed, including an adjustment required by the State Board of Equalization and Assessment, at $1,765,285. These valuations were left undisturbed by the board of equalization and the trial court. The actual value assessed for tax purposes for the year 1981 is not reflected by the record, but was adjusted to $1,617,550 by the trial court pursuant to a stipulation which is likewise not contained in the record.

Plaintiffs claim the trial court erred in determining that their evidence failed to overcome the presumption of regularity in favor of the board, and failed to show that the values fixed by the board were unreasonable.

Although an appeal from a board of equalization is

reviewed by this court de novo as an equitable proceeding, *Beynon Farm Products v. Bd. of Equalization*, 213 Neb. 815, 331 N.W.2d 531 (1983), the burden is upon the taxpayer to show by clear and convincing evidence that the board's determination as to actual value is incorrect and invalid. *Richman Gordman v. Board of Equalization, ante* p. 379, 338 N.W.2d 761 (1983).

Obviously, if the evidence sustains the actual values fixed by the board of equalization, it matters not whether, at some point during the trial in the District Court, the presumption of regularity disappeared. We therefore review the evidence from that perspective.

Carol Broman, the assessor, testified that the valuation of plaintiffs' land was reached by a comparative sales analysis. The valuation of the improvements was reached by a cost approach. The assessor estimated the value of the land for 1979 tax purposes to be $222,555 and that of the improvements to be $1,542,730, for a total of $1,765,285.

Plaintiffs' expert witness testified that he had appraised the land by the comparative sales analysis method and reached the conclusion that the 256,825 square feet should be valued at $.80 per square foot, or approximately $205,000.

Plaintiffs' expert also testified he used three different approaches in valuing the property. The cost approach generally consists of determining the replacement or reproduction cost of the improvements; subtracting an amount for physical deterioration and functional and economic obsolescence; and adding the value of the land. His cost approach resulted in the following:

| | |
|---|---|
| Reproduction Cost | $3,245,748 |
| −20% physical deterioration | 649,150 |
| | 2,596,598 |

| | |
|---|---|
| −50% functional and economic obsolescence | 1,298,299 |
| | 1,298,299 |
| +land | 205,000 |
| | $1,503,299 |

This expert placed the value by use of the cost approach at $1,500,000.

Plaintiffs' expert next used the market approach, which analyzes recent sales of similar properties. He gave little weight to this approach because of the lack of recent verifiable local sales of motels. Nonetheless, his estimate of the value by this approach was between $1,300,000 and $1,700,000.

The last appraisal approach used by plaintiffs' expert was the income approach, the one he thought should be given major weight. This method determines value by relating the property's net yearly income to a capitalization rate, the return considered necessary to attract capital to an investment. Plaintiffs' expert placed this rate at 14 percent for 1979, and reached a 1979 income approach estimate of value of $1,104,000. When confronted with the fact that his valuation was based upon estimated income figures not derived from Airport Inn's financial statements, he recalculated the valuation, using financial statement data. He had also calculated the value of the land based upon erroneous zoning assumptions. He admitted this error, but contended it would not affect the land valuation portion of his appraisal.

The plaintiffs' expert concluded, after outlining all the approaches he took, that the value of the property as of May 17, 1979, was $1,300,000.

In 1982 the board had the property surveyed by an outside expert, who, like plaintiffs' expert, is a licensed real estate appraiser, to determine its value as of December 31, 1979. His appraisal, considering the actual zoning, resulted in a land value of $1.25 per square foot, or $320,000. His cost approach,

which used a 30-percent obsolescence factor instead of the plaintiffs' 50-percent, resulted in a valuation at $1,790,000.

The board's expert found only one local comparable sale, and reached a valuation of $1,650,000 based upon the market approach.

The income analysis approach employed by the board's expert related the net income from the motel operation to a capitalization rate *and* related the rental income paid to Prudential to the capitalization rate. He used a 12.5-percent rate which was drawn from a national study, and adjusted for the property's past history. This income approach reached a valuation of $1,780,000. The board's expert, like the plaintiffs', gave primary weight to the income approach, and concluded that the market value of the property was $1,780,000.

Neb. Rev. Stat. § 77-201 (Reissue 1981) requires that real estate not expressly exempted be taxed at actual value. Actual value has been held to mean fair market value. *Beynon Farm Products v. Bd. of Equalization*, 213 Neb. 815, 331 N.W.2d 531 (1983). Neb. Rev. Stat. § 77-112 (Reissue 1981) provides the methods to be used in arriving at actual value: "Actual value of property for taxation shall mean and include the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) comparison with other properties of known or recognized value; (6) market value in the ordinary course of trade; and (7) existing zoning of the property."

In essence, plaintiffs argue that inasmuch as the assessor did not initially include the income approach in arriving at her valuations, her determinations of actual value cannot stand. This contention has already been addressed and rejected by this court. In *LaGord Assoc. v. County of Cass*, 209 Neb. 99, 101, 306 N.W.2d 578, 579 (1981), we stated: "Noth-

ing in the above statute [§ 77-112] requires the county assessor or county board to use all of the factors set forth therein. Instead, they may use such factors or a combination thereof which they determine to be applicable in determining actual value under the Constitution of Nebraska."

In the final analysis the test is not what factors the assessor considered or failed to consider, but whether the property in question was valued for tax purposes at its actual value.

The evidence in the instant case amply demonstrates the correctness of the valuations arrived at by the assessor for 1979 and 1980. The board's outside expert employed cost, market, and income approaches, and concluded that the 1979 actual value was $1,780,000. Although plaintiffs' expert was of the opinion the actual value of the property was $1,300,000, the board's valuations were within the range of the conflicts in the evidence.

We conclude plaintiffs have failed to show by clear and convincing evidence that the board's determinations as to actual value were incorrect and invalid.

AFFIRMED.