RODEO TELEPHONE MEMBERSHIP CORPORATION, APPELLANT, v. COUNTY OF GREELEY, STATE OF NEBRASKA, ET AL., APPELLEES.

149 N. W. 2d 357

Filed March 10, 1967. No. 36428.

Vogeltanz & Kubitschek, for appellant.

Clarence A. H. Meyer, Attorney General, Homer G. Hamilton, and Harold E. Connors, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The valuation of tangible personal property of a telephone company for tax purposes is involved. The plaintiff, Rodeo Telephone Membership Corporation, owns and operates a telephone system extending into several counties. For the year 1964 the company filed its tangible personal property tax schedule for its property in Greeley County, Nebraska, and reported an actual value of $43,270. The actual value was increased to the sum of $86,088. Plaintiff's protest was rejected by the county board of equalization. Plaintiff appealed to the district court where its petition was dismissed and this appeal followed.

The essential question is whether or not a formula not specified by statute, based upon valuations reported by the taxpayer to the Nebraska State Railway Commission for rate purposes, may be used as the principal basis for fixing actual value of the property for tax purposes. The formula involved here is based on the value of the property of a telephone company returned to the railway commission for rate-making purposes. After deduc-

tions for real estate and personal property otherwise valued and taxed, the figure is further reduced by 40 percent for depreciation. The resulting figure becomes the actual value of tangible personal property to which the statutory assessment percentage is applied. This assessed valuation is then allocated on a mileage basis to the various counties in which the company operates. The manager of the plaintiff conceded that the figures in its report to the railway commission reported the values of its property in their true sense. There is no issue of uniformity raised and this method of valuation is used for all telephone companies in Nebraska.

As nearly as we can determine, the plaintiff's position is that only the Legislature may prescribe standards and methods for determination of value and the use of any formula not prescribed by the Legislature is somehow illegal or improper. The ultimate facts to be established are value and uniformity in the case of the ad valorem tax on tangible property provided for by the Constitution of Nebraska. Formulas or standards, whether set by the Legislature or used by others, are merely methods for determining the ultimate fact of value. They are ordinarily used by taxing authorities as a practical means of meeting the constitutional requirements of uniformity. There are no settled and infallible rules for determining the actual value of telephone systems any more than there are for railroads, pipelines, or other types of utility property. See Chicago & N. W. Ry. Co. v. State Board of Equalization & Assessment, 170 Neb. 106, 101 N. W. 2d 873. Telephone companies and other forms of communication and transportation companies are not readily bought and sold, nor do they have a readily ascertainable market value. In any case of tax valuation, " 'Actual value is largely a matter of opinion. There are no yardsticks by which it can be determined with complete accuracy.' " Richards v. Board of Equalization, 178 Neb. 537, 134 N. W. 2d 56. Even the formula set out in section 77-112, R. R.

S. 1943, specifically states that it shall be used "where applicable."

Plaintiff argues that the value of its property as returned to the railway commission for rate-making purposes should not be used in arriving at actual value for taxing purposes. It also contends that the whole value should not be allocated to the parts to be assessed in each taxing jurisdiction. These arguments are answered by the old case of State ex rel. Bee Building Co. v. Savage, 65 Neb. 714, 91 N. W. 716. That case included the statement: "Whether it be for the purpose of fixing reasonable rates for the transportation of passengers and carrying of freight, or for the purpose of taxation, the rule to be applied in ascertaining the value of the property should be the same." We agree with the district judge that the 40 percent allowance for depreciation here seems reasonable, if not excessive, in arriving at an actual value for taxation.

The plaintiff contends that telephone poles and wires and equipment should be valued individually and wishes to exclude labor and engineering costs involved in the construction and unification of a telephone system. No authority whatever is cited for this position. The value of the raw material and component parts in a telephone system no more reflects its actual value than the value of the raw materials and component parts in an automobile or a house represent their value.

In this case the evidence by witnesses from the telephone industry itself was that the formula used here was fair and reasonable and tends to promote uniformity of assessment of telephone companies.

There is a presumption that the county board of equalization properly performed its official duties in determinating actual value for tax purposes and the burden is on the taxpayer to establish that the value for tax purposes is excessive. Richards v. Board of Equalization, *supra.*

The use of a formula or standard in determining the

actual value of the tangible personal property of a telephone company is not improper in the absence of evidence that it was arbitrary, capricious, or unreasonable. The taxpayer must establish that the application of the formula resulted in the assessment of its property at more than its actual value, or violated the constitutional requirement that taxes on tangible property be levied uniformly and proportionately. Here the plaintiff has failed to maintain its burden of proof on these issues.

For the reasons stated, the determination of the district court was correct and is affirmed.

AFFIRMED.