WALTER E. BUMGARNER ET AL.,
APPELLEES AND CROSS-APPELLANTS, V.
COUNTY OF VALLEY ET AL.,
APPELLANTS AND CROSS-APPELLEES.

303 N.W.2d 307

Filed March 20, 1981. No. 43239.

Gregory G. Jensen, Valley County Attorney, for appellants.

L. W. Cronk of Weems & Sikyta, P.C., for appellees.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and COADY, District Judge.

McCOWN, J.

The plaintiffs appealed to the District Court from the 1979 tax assessment made by the Valley County Board of Equalization on a certain tract of real property owned by the plaintiffs. The District Court found that the value of the land for tax purposes, exclusive of the value of buildings and improvements, was $4,500 rather than $8,640 and directed the county officers to correct their records and the total tax assessment accordingly. The County of Valley has appealed and the plaintiffs have cross-appealed.

The plaintiffs are owners of a 3-acre tract of real property located in Arcadia, Valley County, Nebraska.

1.79 acres of the tract is in alfalfa and the remainder of the tract contains a warehouse, a garden, a fruit orchard, and a residence. The plaintiffs are beekeepers and honey farmers. The tract is not subdivided or platted.

In 1978 plaintiffs' property and the other properties in the village of Arcadia were reappraised as part of a countywide reappraisal. Midwest Appraisal Company used an appraisal form which listed and valued the land and the buildings and improvements on the land separately and combined those valuations to compute the total appraised value of the real estate for tax purposes.

The initial appraisal valued the land portion of plaintiffs' 3-acre tract at $2,220 and the buildings and improvements at $26,625. Complaints were made by neighboring property owners that the valuation of plaintiffs' land was too low in comparison to theirs. The president of the appraisal company, who was a licensed real estate appraiser, inspected the plaintiffs' property and several other properties in the village of Arcadia, reviewed the appraisals, and determined that the portion of plaintiffs' property value attributable to land should be raised to $11,500. The plaintiffs protested. Upon review the appraisal company determined that the undeveloped portion of plaintiffs' property, which was in alfalfa, should be valued on a per-acre basis, and the developed portion should be valued on a front-foot basis. By applying the two different methods the value of plaintiffs' property attributable to land was reduced from $11,500 to $9,285. The value attributable to land and buildings remained unchanged. The plaintiffs then filed a protest with the county board of equalization.

Several members of the board of equalization personally examined plaintiffs' property and other comparable properties. The county assessor also examined and reevaluated plaintiffs' property and recommended to the board a reduction in the appraisal

values of the land portion of plaintiffs' property to $8,640, using a similar two-formula classification and computation basis. At the hearing, the board accepted the assessor's recommendation and lowered the valuation of the land portion of plaintiffs' real estate to $8,640. The valuation of $26,625 for buildings and improvements remained unchanged and the total valuation of plaintiffs' property for tax purposes was set at $35,265. The assessed value of plaintiffs' property was fixed at 35 percent of that value as provided by law. The plaintiffs appealed the assessment to the District Court, alleging it to be excessive and arbitrary.

Plaintiffs' evidence was that certain other lands in Arcadia, which a real estate appraiser believed to be comparable, were used for agricultural purposes and were valued for tax purposes at an average value of about $700 per acre. The county, on the other hand, introduced evidence of several properties which it deemed comparable in which the land portion of the tax valuation ranged from $3,982 to $6,796 per acre in comparison with a value of $2,880 per acre for plaintiffs' tract. The plaintiffs produced no evidence as to the actual value of plaintiffs' property, nor of any of the allegedly comparable properties. Neither did the plaintiff produce any evidence as to the actual value of the land, without buildings and improvements, on either plaintiffs' property or any allegedly comparable property.

The District Court found that there was no logical reason for valuing a portion of plaintiffs' land on a front-foot basis and the balance on an acreage basis. The court then determined that the taxable value of plaintiffs' land, without buildings or improvements, should be $1,500 an acre, or $4,500, rather than $8,640, and directed the county officers to correct their records and the assessment accordingly. The county has appealed and the plaintiffs have cross-appealed.

Plaintiffs do not contend that the valuation of their property for tax purposes exceeds the actual value of the property nor do they contend that their property was assessed for tax purposes at more than 35 percent of its actual value. They contend instead that plaintiffs' property was used for agricultural purposes and that all of the land should, therefore, be classified as agricultural land and valued and taxed at the same valuation per acre as other agricultural lands which plaintiffs' witness deemed to be comparable.

This court has very recently answered plaintiffs' contention that classification of land as to kind or character of use does not alone establish the actual value of land, and that classification is only one of many factors to be considered in determining the actual value of land. See *Otradovsky v. Board of Equalization*, 206 Neb. 559, 294 N.W.2d 334 (1980). In *Otradovsky* we reaffirmed the principles set out in *County of Gage v. State Board of Equalization & Assessment*, 185 Neb. 749, 750-51, 178 N.W.2d 759, 761 (1970): "The Constitution requires that such a property tax be '* * * levied by valuation uniformly and proportionately upon all tangible property * * *.' Examination of the record discloses extensive divergence among witnesses of all categories in their understanding of the meaning of uniform values in the constitutional tax context. Many witnesses seem to assume that real property taxes may be equalized if property is classified, and the same values applied to the same classifications of property in all counties. The Constitution itself flatly contradicts such a conclusion. Art. VIII, § 1, Constitution of Nebraska."

While an appeal from a county board of equalization is heard as in equity and is tried de novo, Neb. Rev. Stat. § 77-1511 (Reissue 1976) requires that: "The court shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary, or unless evidence is adduced establishing that the property of the appellant is assessed too low."

In an appeal to the county board of equalization or to the District Court, and from the District Court to this court, the burden of persuasion imposed on the complaining taxpayer is not met by showing a mere difference of opinion unless it is established by clear and convincing evidence that the valuation placed upon his property when compared with valuations placed on other similar property is grossly excessive and is the result of a systematic exercise of intentional will or failure of plain duty, and not mere errors of judgment. *Hastings Building Co. v. Board of Equalization*, 190 Neb. 63, 206 N.W.2d 338 (1973).

This court has consistently reaffirmed the principles set out in *Newman v. County of Dawson*, 167 Neb. 666, 672, 94 N.W.2d 47, 50 (1959), where we said: "It has been frequently recognized by this court that absolute or perfect equality and uniformity in taxation cannot be attained. Something more than a difference of opinion must be shown. It must be demonstrated by evidence that the assessment is grossly excessive and is a result of arbitrary or unlawful action, and not a mere error of judgment. A claim of disproportionate assessment is not sustained when supported only by opinion evidence that the property is assessed at a higher proportion to its actual value than some other property. Such a contention must be sustained by evidence that the valuation is arbitrary or capricious, or so wholly out of line with actual values as to give rise to an inference that the assessor and county board of equalization have not properly discharged their duties. Mere errors of judgment do not sustain a claim of discrimination. There must be something more, something which in effect amounts to an intentional violation of the essential principle of practical uniformity." See, also, *Nash Finch Co. v. County Board of Equalization*, 191 Neb. 645, 217 N.W.2d 170 (1974).

In the evaluation of real property for tax purposes, where buildings and improvements are taxable as a part of the real estate, the critical issue is the actual

value of the entire property, not the proportion of that value which is allocated to the land or to the buildings and improvements by the appraiser. In the present case the plaintiffs' evidence wholly fails to establish the actual value of plaintiffs' property or of any properties claimed to be comparable. There is no evidence that the plaintiffs' property was assessed at a higher proportion of its actual value than other allegedly comparable property. The evidence establishes only that plaintiffs' land, without improvements, was valued at a different price per acre than some other lands allegedly comparable.

The evidence in this case totally failed to establish that the valuation established by the county board of equalization was excessive, unreasonable, or arbitrary. The judgment of the District Court is, therefore, reversed with directions to affirm the valuation and assessment established by the Valley County Board of Equalization on May 14, 1979.

REVERSED AND REMANDED WITH DIRECTIONS.