LAGORD ASSOCIATES, A PARTNERSHIP, APPELLANT, V. COUNTY OF CASS, NEBRASKA, APPELLEE.

306 N.W.2d 578

Filed June 5, 1981. No. 43362.

Robert C. Doyle of Walsh, Walentine, Miles, Fullenkamp & O'Toole for appellant.

Ronald D. Moravec, Cass County Attorney, for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and VAN PELT and CAPORALE, District Judges.

VAN PELT, District Judge.

This is an appeal by the plaintiff taxpayer from an order of the Cass County District Court which affirmed the assessment of plaintiff's property made by the Cass County Board of Equalization. The plaintiff owns the Nottingham Court apartments, a 48-unit complex near Plattsmouth. The actual value of this property for tax purposes in 1978 was $315,000. The Cass County assessor revalued the property as of January 1, 1979, at $739,425. The State Board of Equalization and Assessment increased all Cass County property an additional 9 percent, raising the actual value for tax purposes of the subject property to $805,975.

Plaintiff's principal contention on appeal is that the county board's action was grossly excessive, arbitrary, and unreasonable since it relied solely on reproduction cost less depreciation, plus a gross rent multiplier, and overlooked the six other factors specified in Neb. Rev. Stat. § 77-112 (Reissue 1976). Particularly, plaintiff contends that earning capacity and relative location should have been considered.

The plaintiff's expert witness testified to an opinion of $500,000 to $550,000, utilizing the factors suggested by plaintiff. Plaintiff additionally relies upon the testimony of the County's expert that, utilizing an earning capacity valuation, the property would be worth $403,000. Under the income approach, the plaintiff's expert arrived at a value of $438,000.

The County argues that a valuation utilizing reproduction cost less depreciation is the most reasonable for this property, and that comparable sales of units in Plattsmouth substantiate the assessed value. The plaintiff's expert agreed, respecting the comparables, testifying to a market value of between $658,000 and $781,000. The County further contends that the earning

capacity approach relied on by the plaintiff is suspect because of evidentiary conflicts regarding occupancy. Finally, it asserts that the assessment utilized on the subject property is consistent with the methods used on all other property within Cass County. Section 77-112 provides: "Actual value of property for taxation shall mean and include the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) comparison with other properties of known or recognized value; (6) market value in the ordinary course of trade; and (7) existing zoning of the property." Nothing in the above statute requires the county assessor or county board to use all of the factors set forth therein. Instead, they may use such factors or a combination thereof which they determine to be applicable in determining actual value under the Constitution of Nebraska. See *County of Gage v. State Board of Equalization and Assessment*, 185 Neb. 749, 178 N.W.2d 759 (1970).

In *Bumgarner v. County of Valley*, 208 Neb. 361, 365-66, 303 N.W.2d 307, 310 (1981), this court recently summarized the law applicable to this case as follows:

"While an appeal from a county board of equalization is heard as in equity and is tried de novo, Neb. Rev. Stat. § 77-1511 (Reissue 1976) requires that: 'The court shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary, or unless evidence is adduced establishing that the property of the appellant is assessed too low.'

"In an appeal to the county board of equalization or to the District Court, and from the District Court to this court, the burden of persuasion imposed on the complaining taxpayer is not met by showing a mere difference of opinion unless it is established by clear

and convincing evidence that the valuation placed upon his property when compared with valuations placed on other similar property is grossly excessive and is the result of a systematic exercise of intentional will or failure of plain duty, and not mere errors of judgment. *Hastings Building Co. v. Board of Equalization*, 190 Neb. 63, 206 N.W.2d 338 (1973).

"This court has consistently reaffirmed the principles set out in *Newman v. County of Dawson*, 167 Neb. 666, 672, 94 N.W.2d 47, 50 (1959), where we said: 'It has been frequently recognized by this court that absolute or perfect equality and uniformity in taxation cannot be attained. Something more than a difference of opinion must be shown. It must be demonstrated by evidence that the assessment is grossly excessive and is a result of arbitrary or unlawful action, and not a mere error of judgment. A claim of disproportionate assessment is not sustained when supported only by opinion evidence that the property is assessed at a higher proportion to its actual value than some other property. Such a contention must be sustained by evidence that the valuation is arbitrary or capricious, or so wholly out of line with actual values as to give rise to an inference that the assessor and county board of equalization have not properly discharged their duties. Mere errors of judgment do not sustain a claim of discrimination. There must be something more, something which in effect amounts to an intentional violation of the essential principle of practical uniformity.' See, also, *Nash Finch Co. v. County Board of Equalization*, 191 Neb. 645, 217 N.W.2d 170 (1974)."

The evidence in the record fails to establish that the action of the Cass County board was unreasonable or arbitrary. Nor does the record show by clear and convincing evidence that the valuation, when compared with valuations placed on other similar property, is grossly excessive and the result of a systematic exercise of intentional will or failure of a plain duty. The record simply reflects a difference of opinion as to

value. The judgment of the District Court affirming the board's action was correct and it is, therefore, affirmed.

AFFIRMED.