SPENCER HOLIDAY HOUSE, INC., A CORPORATION,
APPELLANT, V. COUNTY BOARD OF EQUALIZATION OF
GAGE COUNTY ET AL., APPELLEES.
337 N.W.2d 759

Filed August 12, 1983.   No. 82-528.

John F. Akin of Pierson, Ackerman, Fitchett, Akin & Hunzeker, for appellant.

Jerry L. Shelton, Deputy Gage County Attorney, for appellees.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This is an appeal by Spencer Holiday House, Inc., appellant, from the decision of the District Court of Gage County which affirmed the Gage County Board of Equalization's (board) determination of the actual value of appellant's property for the year 1981. The appellant assigns as its single error the District Court's finding that the board's determination of actual value was correct.

The appellant owned the Spencer Holiday House, which is a motel located in Beatrice, Nebraska, consisting of 65 units or rooms, 51 of which were constructed in 1965 and 14 of which were constructed in 1974. In addition to these rooms this facility has a restaurant, lounge, coffeeshop, kitchen, meeting rooms, registration lobby, and an administrative office. The basic construction of this facility is a reinforced concrete slab foundation, concrete block with decorative brick facing or glass curtain exterior walls, and concrete slab roofing.

Hubert Kreuzberg, the Gage County assessor, determined the actual value of this property, which was then set by the board. Kreuzberg's testimony on direct examination established his vast experience and expertise in the area of property valuation, quite apart from his position as county assessor. It was his testimony that two methods of valuation were used to establish the actual value of this property. To establish the value of the real property on which this motel is located, some 3.62 acres, Kreuz-

berg compared this land to other similar commercial property in the area and established its value by the price set upon that comparable property when sold.

In establishing the actual value of the improvements erected on that real property, the buildings, pool, etc., Kreuzberg stated he used a reproduction cost less depreciation formula. Under that formula Kreuzberg personally examined all of these improvements, determined the replacement cost of these improvements as provided in the state Tax Commissioner's manual, reduced that amount by factoring in a depreciation percentage, ranging from 15 to 50 percent, depending upon the physical conditions of the improvement, and factored in a 10 percent obsolescence percentage. In applying these methods of valuation Kreuzberg and the board determined the actual value of appellant's property to be $585,370.

Appellant offered the testimony of Robert J. Wilson. His testimony also established that he has a great deal of experience in this area and may also be considered an expert in land valuation. Wilson used two formulas, when valuing this property, to determine its actual value. He used the replacement cost less depreciation formula of a flat 25 percent and an obsolescence factor of 40 percent.

Wilson determined the actual value of this property under this formula to be $450,000. He also used an income approach. He employed a capitalization rate of 25 percent. The evidence at trial gave the following explanation and definition of this approach: "Net income is the incentive to the prudent buyer in the market. This portion of the appraisal process analyzes the income expectancy and converts this expected stream of income into an indication of value. The Income Approach consists of two elements, both of which require accuracy of computation and judgment. These two elements are:

"1. The amount of net income per year which

may reasonably be expected over a period of years during which income exceeds expenditure.

"2. The rate and method by which such net income is to be capitalized into a sound estimate of value." Under this approach Wilson determined the actual value of this property to be $430,000.

In explanation of the difference between the two figures arrived at by these experts when using the replacement cost less depreciation method, it was conceded that the difference was due to their different opinions as to the proper depreciation figure to apply. This depreciation figure was set by the judgment and opinion of each appraiser.

Appellant's first, and major, contention is that the board did not apply sufficient criteria or evaluate a sufficient number of factors under the relevant Nebraska statutes. Nev. Rev. Stat. § 77-201 (Reissue 1981) provides: "All tangible property and real property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued at its actual value. Such actual value shall be taken and considered as the taxable value on which the levy shall be made."

Defining what actual value is and how it is to be arrived at, Neb. Rev. Stat. § 77-112 (Reissue 1981) provides: "Actual value of property for taxation shall mean and include the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) comparison with other properties of known or recognized value; (6) market value in the ordinary course of trade; and (7) existing zoning of the property."

As discussed above, Kreuzberg and the board used two of the criteria listed under the above statute: reproduction cost less depreciation and comparison with other properties of known or recognized value. Appellant argues that more factors should have been

considered in addition to these, viz, the earning capacity of the property, as Wilson considered in his income approach in determining the actual value of this property.

In *LaGord Assoc. v. County of Cass*, 209 Neb. 99, 306 N.W.2d 578 (1981), we discussed what a county board of equalization must consider under § 77-112 when determining the actual value of a piece of property. In that case the board valued the taxpayer's motel property, using only the replacement cost less depreciation method. The taxpayer objected, claiming the board should have considered more of the factors listed under § 77-112, especially the earning capacity of that property. Discussing that statute, we said: "Nothing in the above statute requires the county assessor or county board to use all of the factors set forth therein. Instead, they may use such factors or a combination thereof which they determine to be applicable in determining actual value under the Constitution of Nebraska." *Id.* at 101, 306 N.W.2d at 579.

As *LaGord* points out, the board in that case did not have to consider all the factors listed under § 77-112, but, rather, only needed to consider those which the board felt were applicable. The board did not have to consider the earning capacity of appellant's property when establishing its actual value.

When reviewing actions of a board of equalization in determining the actual value of property, the standard of review is provided by statute. "The district court shall hear appeals and cross appeals taken under section 77-1510 as in equity and without a jury, and determine anew all questions raised before the county board of equalization which relate to the liability of the property to assessment, or the amount thereof. *The court shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary*, or unless evidence is adduced establishing that the property of the appellant is assessed

too low. Any decision rendered by the court shall be certified to the county treasurer and to the officer charged with the duty of preparing the tax list, and if and when such decision becomes final such officers shall correct their records accordingly." (Emphasis supplied.) Neb. Rev. Stat. § 77-1511 (Reissue 1981). The same standard of review obtains in this court.

When reviewing such actions we have presumed the board has carried out its duties faithfully, but this presumption is not absolute. "The presumption that a board of equalization has faithfully performed its official duties disappears when there is competent evidence on appeal to the contrary, and from that point on the reasonableness of the valuation fixed by the board of equalization becomes one of fact based upon evidence, unaided by presumption, with the burden of showing such value to be unreasonable resting upon the appellant on appeal from the action of the board." *Arneson v. Cedar County*, 212 Neb. 62, 64, 321 N.W.2d 427, 428 (1982).

Appellant argues that it has adduced competent evidence (Wilson's testimony) which destroys this presumption. In addition, appellant argues its evidence establishes that the actual value of this property is substantially lower than the figure reached by the board. This, it argues, is particularly evident in light of the diverse results reached when applying the replacement cost less depreciation formula of valuation.

In response to this argument we first point out the proposition that the burden is on the appellant to show by clear and convincing evidence that the board's determination as to actual value is incorrect and invalid. Secondly, as pointed out in the above discussion of the evidence adduced at trial, when applying the replacement cost less depreciation formula the opinion of the assessor plays a major role. As stated above, the only thing that really separated the views of these two experts as to the actual value of

this property when applying this formula was each individual's opinion as to what depreciation percentage should be factored in.

Speaking in the past on what is necessary to meet appellant's burden in cases such as this, we have said: "In an appeal to the county board of equalization or to the District Court, and from the District Court to this court, the burden of persuasion imposed on the complaining taxpayer is not met by showing a mere difference of opinion unless it is established by clear and convincing evidence that the valuation placed upon his property when compared with valuations placed on other similar property is grossly excessive and is the result of a systematic exercise of intentional will or failure of plain duty, and not mere errors of judgment." *Bumgarner v. County of Valley*, 208 Neb. 361, 366, 303 N.W.2d 307, 310 (1981).

The evidence that appellant has offered shows, at best, that there is simply a difference of opinion as to how this property is to be depreciated. The difference in the values given by the experts is simply a difference of opinion. As the above authority indicates, this is not sufficient to meet appellant's burden in its attempt to overturn the action of the board and the decision of the District Court.

We find the valuation of appellant's property and the decision of the District Court to be correct, and the judgment is therefore affirmed.

AFFIRMED.