RICHMAN GORDMAN STORES, INC., ET AL., APPELLEES, V. BOARD OF EQUALIZATION OF HALL COUNTY, NEBRASKA, AND RAYMOND HESSEL, ASSESSOR, HALL COUNTY, NEBRASKA, APPELLANTS.

338 N.W.2d 761

Filed September 30, 1983. No. 82-562.

Stephen L. Von Riesen, Hall County Attorney, and Kevin A. Brostrom, for appellants.

Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Richman Gordman Stores, Inc., filed protests with the Board of Equalization of Hall County (board), complaining that the value of the plaintiff's real estate, on which a retail department store was located, was in excess of the actual value of the property for the years 1979 and 1981. The protests were denied by the board and Richman Gordman appealed to the District Court.

After the cases were consolidated in the District Court and trial was held, the court determined the property had an actual value of $1,200,000 for each of the years 1979 and 1981. The board has appealed to this court, assigning as error the finding that Richman Gordman sustained its burden of proving that the values determined by the board were arbitrary, unlawful, and discriminatory.

The real estate involved here was approximately 13 acres of property in Grand Island, Hall County, Nebraska, on which a retail department store was located. According to the trial court record, in 1975 and 1976 Western Appraisals and Surveys reappraised all real property in Hall County, using the Nebraska cost valuation manual. This was a manual which the state Tax Commissioner's office mandated be used in 1975 or 1976 but which both an appraiser employed by Hall County and one retained by the plaintiff described as "very confusing," and "a very poor manual." Values used in this appraisal were first relied upon in the 1977 assessment. The plaintiff's property was valued at $1,723,110 for the year 1977, and for 1979 the initial actual value of the property was also $1,723,110.

However, the State Board of Equalization and Assessment ordered an increase of 23.14 percent for this type of property to increase the total actual value to $2,121,830 for assessment purposes in 1979.

In the year 1980 the board reduced the actual value of the property in question by $185,640, to $1,936,190, to adjust for an error in the establishment of the "finishing" cost. The 1980 tax protest is not part of this appeal.

For the year 1981 the total actual value assessed for tax purposes was $1,936,190. The assessor and the board of equalization relied upon the 1977 appraisal for the valuation and assessment of Richman Gordman's property for 1979.

This court is governed by consistent guidelines in legal matters such as this. In appeals from actions of the county board of equalization in determining the actual value of property, the burden is upon the taxpayer to show by clear and convincing evidence that the board's determination as to actual value is incorrect and invalid. *Spencer Holiday House v. County Bd. of Equal.*, *ante* p. 194, 337 N.W.2d 759 (1983).

The trial of an appeal from a county board of equalization involving the valuation of real estate, both in District Court and the Supreme Court, is de novo as an equitable proceeding. There is a presumption that a board of equalization has faithfully performed its official duties in making an assessment and has acted upon sufficient competent evidence to justify its action, which presumption remains until there is competent evidence to the contrary. Such presumption disappears when there is competent evidence on appeal to the contrary, and from that point on the reasonableness of the valuation fixed by the board of equalization becomes one of fact based upon the evidence, with the burden of showing such valuation to be unreasonable resting upon the appellant on appeal from the action of the board. *Hastings Building Co. v. Board of Equalization*, 212 Neb. 847, 326 N.W.2d 670 (1982).

In the present case there is more than ample evidence to rebut the presumption of correctness of the assessed valuation by the board. Besides testimony

concerning the 1980 adjustment for "finishing" costs, the record also contained the testimony of Michael J. Mullen, an expert who testified on behalf of both the board and Richman Gordman, that further errors in the identification of materials used in construction were found when the parking lot and structural steel were improperly classified. These errors were more than mere errors of judgment, and as such the reasonableness of the valuation fixed by the board becomes a question of fact based upon the evidence.

The record indicates the actual value of the plaintiff's property for 1979 was quite different than the value listed on the assessment record for Hall County. The highest valuation placed upon the property after adjusting for obvious errors in the identification of materials used in construction was $1,421,386. This valuation figure was offered by Mr. Mullen, who testified for both parties. The lowest valuation placed on the property was by Richman Gordman's expert, J. G. Strawn, who found it to be $1,100,000.

Mr. Strawn testified that he used a cost approach, an income approach, and a market approach, and that after considering all factors he determined the actual value of the property for 1979 and 1981 was $1,100,000. Strawn's testimony on direct examination established that he was quite knowledgeable about valuing retail stores in the Midwest. He utilized the Marshall-Swift manual in making his appraisal, which, according to his testimony, the State of Nebraska has required county assessors to use since either 1980 or 1981.

In view of the entire record it is clear that the 1977 appraisal by Western Appraisals and Surveys contained numerous errors. In comparison, the record created by Richman Gordman's expert contained detailed, competent evidence to support the determination of the actual value of the property. The record in this case clearly rebuts the presumption

of correctness of the assessed valuation, and establishes that the valuation of plaintiff's property for the years 1979 and 1981 was made arbitrarily and capriciously. From a de novo review of the record, we conclude that the actual value of the property in question for the years 1979 and 1981 was $1,200,000.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.