FUTURE MOTELS, INC., A NEBRASKA CORPORATION, APPELLANT AND CROSS-APPELLEE, V. CUSTER COUNTY BOARD OF EQUALIZATION, APPELLEE AND CROSS-APPELLANT.

563 N.W.2d 785

Filed May 30, 1997.   No. S-95-882.

Steven O. Stumpff and Cheryl C. Guggenmos, of Stumpff & Guggenmos, for appellant.

Tami K. Schendt, Custer County Attorney, for appellee.

White, C.J., Caporale, Wright, Connolly, Gerrard, Stephan, and McCormack, JJ.

Wright, J.

Future Motels, Inc., appeals the judgment of the Custer County District Court which affirmed the decision of the Custer County Board of Equalization (Board). The district court found that the value of Future Motels' property had not been arbitrarily or unlawfully fixed by the Board in an amount greater than its actual value and that the value was fairly and proportionately equalized with all other property in Custer County.

## FACTS

Future Motels is the owner of a Super 8 Motel in Broken Bow, Nebraska. The Custer County assessor valued Future Motels' property and improvements at $596,850 for 1992 tax purposes. Future Motels subsequently filed a written property valuation protest with the Board, requesting that its land and improvements be valued at $150,000. It claimed a number of grounds for revision of the claim, to wit: (1) The property was not valued properly with other assessed valuations of similar properties in Broken Bow; (2) the property was not valued properly in view of other Super 8 Motels located in western Nebraska; (3) the appraisal was done by an appraiser from Lincoln, rather than by a "western Nebraska appraiser"; and (4) the excess appraisal caused Future Motels to pay more than its proportionate share of taxes.

After a hearing on the protest, the Board reduced the valuation to $481,453. Future Motels appealed to the district court for relief from the Board's determination.

Despite the fact that a transcript of the proceedings held before the Board had not yet been filed in the district court, the court proceeded with a review of the Board's decision. After a trial on the appraisal, the district court affirmed the Board's decision in all respects. Future Motels then filed an appeal to

this court from the district court's order, and we dismissed the appeal because no transcript of the proceedings held before the Board had been filed with the district court. See *Future Motels, Inc. v. Custer Cty. Bd. of Equal.*, 247 Neb. 436, 527 N.W.2d 861 (1995) (*Future Motels I*).

We held in *Future Motels I* that in the absence of a transcript of the proceedings held before the Board, the district court should not have held proceedings in this case. Following issuance of the mandate in *Future Motels I* and the filing of the transcript with the clerk of the district court, a second hearing was held in Custer County District Court on July 20, 1995. Future Motels offered the evidence from the first hearing and the transcript of the proceedings held before the Board.

The district court then entered judgment against Future Motels, finding that it had not met its burden of proof. The district court also found that the $481,453 valuation placed on the property by the Board was correct, and it affirmed the decision of the Board in all respects.

## ASSIGNMENTS OF ERROR

Future Motels assigns the following errors to the district court: (1) The court erred in determining that Frank Frost was entitled to be paid expert witness fees and expenses at his deposition; (2) the court erred in sustaining the motions for protective orders filed by the other motels in Broken Bow; (3) the court erred in granting the motion in limine filed by the Board; (4) the court erred in denying Future Motels' motion requesting an order to the effect that the Board had lost the presumption that it had faithfully performed its official duties in making its 1992 tax assessment of Future Motels' property; (5) the court erred in admitting into evidence a formal appraisal prepared by Frost on or about March 19, 1993; (6) the court erred in failing to bar the Board from calling any witnesses or offering any exhibits into evidence at trial because the Board had failed to provide an exhibit and witness list to Future Motels prior to trial; (7) the court erred in not requiring the Board to produce financial statements, profit-and-loss statements, occupancy rates, income tax returns, and other financial information utilized by Frost in the assessment of all the motels and the one

hotel located in Broken Bow; (8) the court erred in finding that the value placed upon Future Motels' property was fairly and proportionately equalized with other commercial property in Custer County; and (9) the court erred in finding that the assessed valuation of $481,453 placed on Future Motels' property by the Board was correct.

In its cross-appeal, the Board alleges that the district court erred in determining that it had jurisdiction to hear the appeal.

## ANALYSIS

At the time this action was filed, an appeal from an action by a county board of equalization was an equity action tried de novo in the district court. See Neb. Rev. Stat. § 77-1511 (Reissue 1990). On appeal from the district court to an appellate court in an equity case, factual issues were tried de novo on the record, requiring the appellate court to reach a conclusion independent of the findings of the trial court. However, when credible evidence conflicted, the appellate court could give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. See *Helvey v. Dawson Cty. Bd. of Equal.*, 242 Neb. 379, 495 N.W.2d 261 (1993).

At trial, Patrick Keslar and Paul Lattin, stockholders in Future Motels, testified concerning properties in Custer County and other counties. Keslar stated that he believed the Board had overvalued the Super 8 Motel. Keslar's testimony was based on property records of county assessors throughout the state. Keslar did not testify as to why he believed the Super 8 Motel should have been valued at $150,000. Keslar also did not establish the market value of the property in question or the market value of any of the properties that he requested the court use as comparison properties. Likewise, although Lattin gave no testimony as to the value of the Super 8 Motel, he testified that he believed the valuation of the motel was "grossly excessive."

Frost, a real estate appraiser with nearly 38 years of experience, testified on behalf of the Board. Frost had appraised Future Motels' property in 1991, and he did a reappraisal of the property prior to this litigation. Frost stated that he used three traditional approaches in valuing the property: the cost

approach, the sales approach, and the income approach. Applying the cost approach, he used the "Marshall evaluation service" to estimate the reproduction cost of the property and arrived at a value of $608,000. In appraising the value of the property based upon the sales approach, Frost analyzed five sales of Super 8 Motels which were not located on an interstate highway. The range of the sales used was from $20,968 to $31,000 per unit. Using $21,000 per unit, which was at the low end of the range, the subject property indicated a value of $672,000. Using the income approach, he reached a value of $618,250. Based upon his experience and his examination of the property, Frost opined that the overall value of the property as of January 1992 was $608,250.

Frost also checked the records on the Arrow Hotel. He had previously done updates on other motels in Broken Bow, including Bosselman's and the Gateway Motel, and had done the appraisal on the Wagon Wheel Motel in 1990. Based upon his appraisals, his sales, and his education, Frost had no reason to believe that the hotels and motels in Custer County were not equalized as of January 1992.

In a taxpayer's appeal from an action of a county board of equalization, the burden is on the taxpayer to prove that the value of the taxpayer's property has not been fairly and proportionately equalized with all other property, resulting in a discriminatory, unjust, and unfair assessment. *Gordman Properties Co. v. Board of Equal.*, 225 Neb. 169, 403 N.W.2d 366 (1987); *Hastings Building Co. v. Board of Equalization*, 190 Neb. 63, 206 N.W.2d 338 (1973). Similarly, the taxpayer has the burden of proving that the value of the property has been arbitrarily or unlawfully fixed by the board of equalization in an amount greater than its actual value. See *id.*

Future Motels correctly points out that a taxpayer may question the actual value of the taxpayer's property and the lack of proportionate and uniform valuation of the property in a proceeding before a board of equalization. See *Fremont Plaza v. Dodge County Bd. of Equal.*, 225 Neb. 303, 405 N.W.2d 555 (1987). A taxpayer's property may also be assessed at less than its actual value if such action is necessary in order that it be assessed uniformly and proportionately with other property

within the county. *Id.* In support of its position, Future Motels offered the real estate assessments of 12 other Super 8 Motels located in other counties in western Nebraska.

However, there is no evidence in the record to establish that the property in question was not assessed at its actual value or that the property was not uniformly and proportionately assessed with other property in the county. Future Motels' evidence did not demonstrate that the property was overvalued, and there is no evidence in the record to show that the actual value of the property is $150,000, as alleged in Future Motels' petition. Future Motels failed to establish that the actual value of the property was $150,000 and offered no evidence that the property was not fairly and proportionately assessed with other property in Custer County.

The burden is on the taxpayer to show by clear and convincing evidence that the valuation placed upon the taxpayer's property when compared with valuations placed on other similar property is grossly excessive. See *Bumgarner v. County of Valley*, 208 Neb. 361, 303 N.W.2d 307 (1981). From our review of the record, we conclude that Future Motels has not sustained its burden to prove that the property valuation was arbitrarily or unlawfully fixed in an amount greater than its actual value or that the property was not fairly and proportionately equalized with other property in Custer County.

Future Motels also claims that the district court erred in sustaining the Board's motion in limine to prevent Future Motels from presenting evidence from six other motels and a hotel regarding cost per room, average daily room occupancy, and profit-and-loss statements. Each of the owners filed for a protective order on the grounds that such information was privileged. The district court granted the protective orders and the motion in limine.

Future Motels subpoenaed the owners of the other motels and hotel to bring federal income tax returns and all schedules, 1992 income tax returns if completed, all records necessary to complete such 1992 returns if not completed, and profit-and-loss statements. Pursuant to Neb. Ct. R. of Discovery 26(c) (rev. 1996), the district court may make any order which justice requires to protect a person, including an order that discovery

not be had. The party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion. *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991). From the record, we do not find that the district court abused its discretion.

Future Motels further contends that the district court erred in awarding expert witness fees and costs because Frost was not listed by the Board as a trial witness and should not have been permitted to testify. In overruling Future Motels' objection to Frost's testimony, the district court pointed out that Future Motels had taken Frost's deposition. The district court found that it was clear that the parties intended that Frost would testify. Rule 26(b)(4)(C) provides that

> (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . and
>
> (ii) . . . shall require . . . the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

We conclude that the district court did not abuse its discretion in allowing the testimony and in awarding the fees and costs.

We also find no merit in Future Motels' claim that the district court erred in permitting the Board to introduce exhibits at trial. Future Motels' remaining assignments of error, which have not been argued, will not be considered.

Finally, we address the Board's cross-appeal. The Board claims that the district court erred in determining that it had jurisdiction to hear the appeal after the transcript of the proceedings held before the Board was filed in the district court— almost 3 years from the date that the original appeal was filed.

On February 24, 1995, we dismissed the first appeal in this case for the reason that no transcript of the proceedings held before the Board had been filed with the Custer County District Court. See *Future Motels I*. The transcript was subsequently filed in the district court on the day we dismissed the first appeal. On July 20, the second trial was held, and during this trial, all the testimony and evidence from the first trial were submitted for reconsideration. The Board objected to the second

trial on the basis of jurisdiction. Although the district court stated that it was unsure of whether it had jurisdiction, it accepted the evidence and again rendered a judgment in favor of the Board.

Neb. Rev. Stat. § 77-1510(2) (Cum. Supp. 1992), which governed the appeal procedure at the time of Future Motels' appeal to the district court, provided in part: "The appeal shall be deemed to be filed for purposes of granting jurisdiction with the filing of the petition and praecipe for summons in the district court and the filing of a request for a transcript with the county clerk." Section 77-1510(2) also stated that no proceedings were to be held on appeal until the transcript was actually filed in the district court.

We find that the district court acquired jurisdiction when Future Motels filed its petition and praecipe for summons in the district court and its request for a transcript with the county clerk, all of which were timely filed within the 45-day appeal period set forth in § 77-1510(1). Since § 77-1510(2) provided that no proceedings were to be held until a transcript of the proceedings held before the Board had been filed in the district court, the court was without authority to enter any decision in the first hearing. Therefore, there was no appealable order from which an appeal could be taken. In the absence of a judgment or order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. See *In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995).

However, when the transcript of the proceedings held before the Board was filed on February 24, 1995, the district court had statutory authority to enter a disposition of the case before it. A final order having been obtained subsequent to the filing of the transcript, the matter is now properly on appeal to this court. Therefore, the Board's cross-appeal is without merit.

## CONCLUSION
The judgment of the district court is affirmed.

AFFIRMED.