OMAHA NEBRASKA HOTEL LIMITED PARTNERSHIP, APPELLEE, V. DOUGLAS COUNTY BOARD OF EQUALIZATION, APPELLANT.

577 N.W.2d 570

Filed April 21, 1998.   No. A-97-819.

James S. Jansen, Douglas County Attorney, and Jeanne A. Burke for appellant.

Paul J. LaPuzza, of Young & LaPuzza, for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

At issue is the proper valuation for the 1996 tax year of a commercial property (Property) owned by Omaha Nebraska Hotel Limited Partnership (Partnership). The Partnership protested the $4,220,300 valuation of the Property to the Douglas County Board of Equalization (Board). The Board denied all relief. Thereafter, the Partnership appealed to the Nebraska Tax Equalization and Review Commission (TERC). After a hearing, the TERC reversed the determination of the Board, concluding that the Partnership adduced evidence establishing that the Board's decision was unreasonable or arbitrary. The TERC determined that the Property should be valued at $2,215,675 for the 1996 tax year. The Board appeals the decision of the TERC. We note that proceedings in appeals concerning the valuation and taxation of real property are unique in that a county board of equalization sits as a quasi-judicial body and apparently is also a party. See Neb. Rev. Stat. §§ 77-1502, 77-1510, 77-1510.01, and 77-1513 (Reissue 1996). As a party, a county board of equalization may appeal a decision of the

TERC, which is the situation at hand. See Neb. Rev. Stat. § 77-5019 (Reissue 1996). For the reasons stated below, we affirm.

## II. FACTUAL BACKGROUND

The Property is a Ramada Inn located at 7007 Grover Street in Omaha. The Property is a nine-story hotel that was built in 1973. It comprises 133,300 square feet with 215 rooms. The Property is considered a full-service hotel, meaning that it provides food and beverage service and has lounge facilities. The Partnership acquired the Property as part of a bulk purchase of six properties in September 1994. The Property was purchased for $3,000,000, which price included land, improvements, personal property, and business value/goodwill. The portion of the purchase price applicable to land and improvements was $2,215,675.

In 1996, the Property was assessed at $4,220,300. The assessed value of the Property had been largely unchanged since 1988. The Partnership protested the Property's 1996 property tax assessment to the Board. There is no transcription of a hearing before the Board in the record on appeal. It appears that as a result of the protest, the Board referee recommended an inspection of the Property. Based on two field inspections conducted in July 1996, James Daly, a real estate appraiser for Douglas County, recommended no change in the 1996 assessed valuation of $4,220,300. As part of his field inspections, Daly determined the 1994 sale of the Property to be for less than market value and compared the assessed value for the Property on a per-square-foot basis to hotels and motels in the immediate vicinity. The Board adopted Daly's recommendation and dismissed the protest. Although the Board's determination is not dated, § 77-1510 provides a taxpayer 30 days after a county board of equalization's adjournment to file an appeal to the TERC. For protests such as the one before us, the adjournment is deemed to be July 25 of the relevant year. See *id.* Therefore, the Partnership's appeal to the TERC on August 23 was timely.

At the hearing before the TERC, the Partnership offered the testimony of Michael J. Costa, senior vice president of First American Tax Valuation, and Mark L. Nunnelly, assistant trea-

surer for FGS Nebraska Hotel Corporation, which is a general partner of the Partnership. Daly testified for the Board. We generally describe the testimony below. Additional facts necessary for the resolution of this appeal will be set forth in the analysis.

Costa was hired by the Partnership to prepare a market value analysis of the Property. According to Costa's market value analysis, the market value of the land and building of the Property was $2,215,675. Costa provided reasons why Daly's comparison of the Property's assessed value with the assessed values of other hotels in the immediate area was improper and why the 1994 sale of the Property was a good measure of its market value. Generally, Nunnelly testified regarding the 1994 sale of the property and the present condition of the property. Daly testified regarding the reasons for his recommendation that the valuation of the Property remain unchanged.

After hearing the evidence, the TERC reversed the decision of the Board and ordered that the Property be valued for the 1996 tax year at $2,215,675. The TERC first concluded that the Board's comparables were inadequate. In support, the TERC found that only one of the Board's comparables was similar to the Property and that this one similar comparable was valued lower than the Property although it had been significantly renovated prior to valuation. The TERC reasoned that one comparable did not provide a sound basis to derive reliable valuation conclusions. In addition, the TERC found that there had been a marked decline in the hotel and motel business for several years since the last time the valuation of the Property had been adjusted. For these reasons, the TERC found that the Board's assessed value was not supported by the evidence and that the Partnership had proved that the Board's decision was unreasonable or arbitrary. The Board timely appealed to this court.

### III. ASSIGNMENTS OF ERROR

We summarize the Board's assignments of error as follows: (1) The TERC failed to apply the proper standard of review, (2) the TERC improperly placed the burden of proof on the Board, and (3) the TERC erred in finding that the decision of the Board was unreasonable or arbitrary.

## IV. STANDARD OF REVIEW

The applicable standard of review will be set forth in the analysis below.

## V. ANALYSIS

### 1. TERC'S STANDARD OF REVIEW

We first address whether the TERC employed the proper standard of review. The Board argues that the TERC ignored the "rebuttable presumption afforded to the [Board] and failed to enumerate what standard of review it was utilizing." Brief for appellant at 17.

Regarding the proper standard of review, Neb. Rev. Stat. § 77-1511 (Reissue 1996) provides that the TERC

> shall hear appeals and cross appeals . . . as in equity and without a jury and determine anew all questions raised before the county board of equalization which relate to the liability of the property to assessment, or the amount thereof. The commission shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary . . . .

We note that the type of review set forth in the statute is unchanged from the earlier version of the statute, which provided that appeals from county boards of equalization be heard by the district court. See § 77-1511 (Reissue 1990).

▮ The Nebraska Supreme Court has dealt with whether a rebuttable presumption exists regarding the decision of a board of equalization. The court held, under a predecessor to the present § 77-1511, that there is a presumption that a board of equalization has properly performed its official duties and that in making an assessment it has acted upon sufficient competent evidence to justify its action. However, the court further held that " '[t]he presumption disappears when there is competent evidence to the contrary . . . . The reasonableness of the valuation made by the county board of equalization then becomes a question of fact to be determined from all the evidence tending to establish the actual value of the property.' " *Boss Hotels Co. v. County of Hall*, 183 Neb. 19, 21, 157 N.W.2d 868, 869 (1968).

In the present case, the TERC determined that the Partnership presented evidence showing that the manner by which the

Board determined to leave the Property's assessed value unchanged was deficient. Therefore, the presumption of correctness was rebutted, and the reasonableness of the Board's valuation became a question of fact. The Board's allegation that the TERC ignored a rebuttable presumption of correctness is without merit. It is apparent from its written order that the TERC employed the proper standard of review. The order specifically provides: "[T]he decision of the [Board] was unreasonable or arbitrary."

## 2. BURDEN OF PROOF

The Board also assigns that the TERC improperly placed the burden of proof on the Board rather than the Partnership. The Board argues that it can be inferred from the TERC's findings of fact that the TERC shifted the burden to the Board. According to the Board, the TERC improperly required the Board to defend its valuation of the property.

It is well established that the burden rests on the taxpayer to establish that the valuation placed on his or her property has been arbitrarily or unlawfully fixed by the board of equalization in an amount greater than its actual value. *Future Motels, Inc. v. Custer Cty. Bd. of Equal.*, 252 Neb. 565, 563 N.W.2d 785 (1997); *Gordman Properties Co. v. Board of Equal.*, 225 Neb. 169, 403 N.W.2d 366 (1987).

Our review of the TERC's order and the record shows that the TERC did not place the burden of proof on the Board. Instead, after the Partnership presented evidence rebutting the presumption that the Board's valuation was correct, the TERC determined the reasonableness of the Board's valuation based on the evidence before it. This assigned error is without merit.

## 3. PROPRIETY OF TERC'S DETERMINATION

The Board's remaining assigned errors may be summarized as asserting that the TERC erred in determining that the Board's decision was unreasonable or arbitrary. In its argument, the Board contends that the market value analysis by Costa was flawed in many respects and that the TERC ignored the competent testimony of Daly. We note that the Board does not challenge the admissibility of any of the Partnership's evidence.

■ We review the decision of the TERC for error appearing on the record. See § 77-5019(5). When reviewing an order for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Harrison Square v. Sarpy Cty. Bd. of Equal.*, 6 Neb. App. 454, 574 N.W.2d 180 (1998); *In re Conservatorship of Estate of Marsh*, 5 Neb. App. 899, 566 N.W.2d 783 (1997).

In making its decision, the Board relied on the inspections conducted by Daly. In reaching his conclusion that the assessed valuation for the Property should remain unchanged, Daly found the 1994 sale of the Property to be for less than market value and not to be an arm's-length transaction. Daly also compared the assessed value of the Property to those of other motels and hotels in its vicinity.

At the hearing before the TERC, the Partnership offered evidence showing that the 1994 sale of the Property was a good indication of its market value. The Partnership evidence showed that after the Property was on the market for several months, the Partnership's offer was apparently the only offer made on the Property; that the parties indicated in their contract that it was an arm's-length transaction; and that the values assigned by the parties to each property in the group of six were used for federal income tax purposes and were determined by a review of the income generated by the properties.

The Partnership also offered evidence that the properties to which Daly compared the Property were not comparable. All of the Board's comparables except a Best Western were limited-service hotels, which are much less labor intensive than full-service hotels and, therefore, have a higher bottom-line net operating income. The Best Western also had some distinguishing characteristics. It is on a major strip road, whereas the Property is on a secondary strip road. The Partnership's evidence showed that the assessed value of the Best Western per square foot was 20 cents less than that established by the Board for the Property.

In addition, the Partnership offered a market value analysis prepared by Costa. Costa had analyzed the market value of the

Property using several different approaches and determined that the market value of the Property was $2,215,675.

Given the expertise of the members of the TERC, the TERC is authorized by Neb. Rev. Stat. § 77-5016(5) (Reissue 1996) to "utilize its experience, technical competence, and specialized knowledge in the evaluation of the evidence presented to it." We conclude that the Partnership's evidence provided a basis for the TERC's conclusion that the Partnership rebutted any presumption that the Board's decision was correct. As a result, the reasonableness of the Board's valuation became a question of fact. Based upon the evidence presented, the TERC did not act arbitrarily or capriciously in determining that the decision of the Board was unreasonable or arbitrary. The TERC also did not act arbitrarily or capriciously in arriving at its valuation of the Property. The TERC's valuation is supported by competent evidence and conforms to the law.

## VI. CONCLUSION

For the reasons stated above, we affirm.

AFFIRMED.